Filed 3/6/24  P. v. Zavala CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RAYMOND LUIS ZAVALA,<br><br>    Defendant and Appellant. | F085859<br><br>(Super. Ct. No. CR-18-009772)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from an order of the Superior Court of Stanislaus County.  Shawn D. Bessey, Judge.

Candace Hale, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Hill, P. J., Franson, J. and Meehan, J.

Appellant Raymond Luis Zavala appeals following the denial of his petition for resentencing under Penal Code[1] former section 1170.95 (now § 1172.6).[2] The parties agree that the trial court erred in denying appellant's petition at the prima facie stage of the statutory proceedings. Upon review of the record and arguments, we agree and therefore reverse the trial court's order and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 2018, appellant and four codefendants (Stephen Tisdale, Mariah Silva, Pedro Araiza, & Rodrigo Gomez) were charged in a criminal complaint with multiple counts of murder and attempted murder. Appellant himself was charged in several of the included counts.

Count I charged appellant, Tisdale, and Silva with the murder of James Chisum. An included enhancement and special circumstance alleged that all three acted intentionally, deliberately, and with premeditation and were active participants in a criminal street gang. Two other enhancements alleged that Tisdale "personally and intentionally discharged a firearm and proximately caused great bodily injury or death to another person," while appellant and Silva "were principals in the foregoing offence."

Count IV charged appellant, Tisdale, and Silva with the attempted murder of Debra Petrina. Included enhancements alleged that all three acted intentionally, deliberately, with premeditation, and for the benefit of a criminal street gang. Two other enhancements alleged that Tisdale "personally and intentionally discharged a firearm and proximately caused great bodily injury or death to another person," while appellant and Silva "were principals in the foregoing offence."

---

[1] Undesignated statutory references are to the Penal Code.

[2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).

Count V charged appellant, Tisdale, and Silva of another attempted murder, this time of Randell Keene. Included enhancements alleged that all three acted intentionally, deliberately, with premeditation, and for the benefit of a criminal street gang. Two other enhancements alleged that Tisdale "personally and intentionally discharged a firearm and proximately caused great bodily injury or death to another person," while appellant and Silva "were principals in the foregoing offence."

Count VII charged appellant, Tisdale, and Silva with participating in a street gang.

Count IX charged appellant and Tisdale with permitting a child to suffer under circumstances likely to cause great bodily injury or death, related to conduct against an 18-month-old child. An enhancement alleged that both personally used firearms in the offense.

Finally, appellant was alleged to have suffered a prior serious felony conviction for robbery.

Appellant entered into a plea agreement prior to his preliminary hearing. He agreed to plead no contest to "an attempted [section ]187, attempted murder charge, nonpremeditated" and "also admit an enhancement pursuant to [section] 12022.5[, subdivision ](a), personal use of a firearm." For the factual basis, the prosecutor stated that appellant "attempted to kill Debra Perina … when the defendant personally used a .22-caliber rifle during the commission of this attempted murder." The prosecutor noted that those facts "and any other facts that might be contained in the affidavit in support of the search warrant as well as the arrest warrant" supported the charge. Appellant stipulated to those facts.

When it came time to enter the no contest plea, the court asked appellant how he would plead to the allegation he committed felony murder "in that you willfully, unlawfully, and feloniously and with malice aforethought attempted to murder Debra Perina." After appellant stated, "No contest," the court began to ask, "Do you want the premeditation—," before the prosecutor explained, "[T]his is going to be a[n] attempted

3.

murder in the second degree and not first degree. It would have been seven to life if it was with the premeditation." The court then asked if appellant admitted to the personal use of a firearm "as a violation of section 12022.5[, subdivision ](a). That's actually a lesser of the enhancement alleged in Count IV." Appellant admitted the allegation.

Based on this plea, the remaining charges were dismissed, and appellant was sentenced to a total term of 10 years in prison.

In May 2022, appellant petitioned for resentencing under section 1172.6. The People opposed, arguing appellant was the shooter in the attempted murder and that he was generally convicted for his own conduct, not under a natural and probable consequences theory. In support of this claim, the People submitted the search warrant affidavit noted in the plea agreement.

The affidavit described Perina's shooting. According to Perina, she was standing on her front porch when a silver car approached. A Hispanic man exited the car and began yelling at her in Spanish. Perina did not recognize or know the man and did not understand what he was yelling. The man got back into the car, and Perina turned around to go back into her house. After she turned around, she heard several gunshots and believed she was struck by two. Police found a "Winchester #8 shot 20-gauge spent shotgun shell," two ".380 spent casings," and one "live .380 casing" at the scene of the shooting. Notably, although not related to Perina's shooting, four "live .22 caliber long cartridges" were found at the scene of Chisum's murder that related to count I, which was dismissed.

On February 17, 2023, the trial court held a hearing and denied appellant's petition. Looking at the plea agreement, the court concluded appellant's plea to attempted murder and admission to personally using a firearm meant he had failed to make a prima facie showing of eligibility.

This appeal timely followed.

## DISCUSSION

Section 1172.6, subdivision (a) provides that one convicted of attempted murder under the natural and probable consequences doctrine may file a petition to have the conviction vacated and to be resentenced on any remaining counts when (1) an information was filed against the petitioner that allowed the prosecution to proceed under a theory under which malice is imputed to a person based solely on that person's participation in a crime, (2) the petitioner was convicted of murder after either a trial or accepting a plea in lieu of a trial, and (3) the petitioner could not presently be convicted of murder or attempted murder because of changes to section 188 or 189 made effective January 19, 2019.

Prior to the statutory changes relevant here, an accomplice could be found guilty of attempted murder under a natural and probable consequences theory of liability. The intent to kill could be imputed to the accomplice from the actual killer or perpetrator. (*People v. Montes* (2021) 71 Cal.App.5th 1001, 1007.) Following the changes, however, the natural and probable consequences doctrine has been eliminated.

To be liable for attempted murder, the prosecution must establish that appellant held a specific intent to kill, and he committed a direct but ineffectual act toward accomplishing the intended killing. (*People v. Canizales* (2019) 7 Cal.5th 591, 602.) As an aider and abettor, appellant may be guilty of attempted murder if he aided and encouraged an attempted murder knowing of the direct perpetrator's intent to kill and intending to facilitate the killing. (*People v. Lee* (2003) 31 Cal.4th 613, 623–624.) In other words, "the person guilty of attempted murder as an aider and abettor must intend to kill." (*Id*. at p. 624.)

Returning to the resentencing statute, section 1172.6, subdivision (c) explains: "After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court

shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so."

"[W]hen assessing the prima facie showing, the trial court should assume all facts stated in the section [1172.6] petition are true. [Citation.] The trial court should not evaluate the credibility of the petition's assertions, but it need not credit factual assertions that are untrue as a matter of law—for example, a petitioner's assertion that a particular conviction is eligible for relief where the crime is not listed … as eligible for resentencing. Just as in habeas corpus, if the record 'contain[s] facts refuting the allegations made in the petition … the court is justified in making a credibility determination adverse to the petitioner.' [Citation.] However, this authority to make determinations without conducting an evidentiary hearing … is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980, fourth bracketed insertion in original, abrogated on other grounds by *People v. Lewis* (2021) 11 Cal.5th 952, 961–963.)

In this case, the parties agree the trial court erred in determining appellant had not made a prima facie showing of eligibility. Upon review, this court accepts the parties' position. Appellant pleaded no contest to a charge alleging appellant was a participant in a multi-party attempted murder. While the charge alleged appellant acted intentionally, deliberately, with premeditation, and with malice aforethought, the only enhancements identifying a shooter charged Tisdale with shooting the victims. Appellant and Silva were charged with enhancements alleging they were principals in the offenses under street gang provisions.

When appellant pleaded no contest, it was to an attempted murder charge that did not include premeditation—thus justifying the seven-year sentence as to that charge.

6.

(See § 664, subd. (a) ["However, if the crime attempted is willful, deliberate, and premeditated murder, as defined in Section 189, the person guilty of that attempt shall be punished by imprisonment in the state prison for life with the possibility of parole. If the crime attempted is any other one in which the maximum sentence is life imprisonment or death, the person guilty of the attempt shall be punished by imprisonment in the state prison for five, seven, or nine years."].) And although appellant admitted using a firearm in the offense, he was not charged with nor admitted firing that weapon. Further inquiry shows that the firearm appellant stated he possessed was not one associated with ammunition found at the scene of the attempted murder.

Accordingly, the record contains several conflicts in the evidence that prevent a determination at the prima facie stage that appellant's resentencing eligibility claims were false. Although the record implies appellant was acting with intent to kill as part of a gang-based attempt to commit murder, it does not preclude a finding that appellant was merely present and armed when a codefendant independently committed the attempted murder. Under this later theory, appellant's conviction could potentially rest on a now eliminated natural and probable consequences theory. As the People suggest, an evidentiary hearing is required to resolve these conflicts.

At the prima facie stage, the trial court could not have resolved these factual disputes and thus could not have concluded appellant was, in fact, ineligible for resentencing. Appellant was therefore entitled to a show cause hearing under section 1172.6, subdivision (c).[3]

---

[3]    As we vacate the order on statutory grounds, we need not reach appellant's due process claims regarding factfinding at the prima facie stage.

## DISPOSITION

The order denying appellant's petition for resentencing is reversed. The matter is remanded to the trial court with directions to issue an order to show cause and conduct a hearing to determine whether to vacate appellant's conviction, recall his sentence, and resentence him.